The Full Commission has reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Theresa B. Stephenson, the briefs and oral arguments before the Full Commission. The plaintiff did not appear at the hearing before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; rehear the parties or their representatives; or amend the Opinion and Award. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Theresa B. Stephenson.
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties through the Pre-trial Agreement and at the hearing as:
 STIPULATIONS
1. All parties are bound by and subject to the provisions of the North Carolina Workers' Compensation Act.
2. On 18 April 1995, an employment relationship existed between the plaintiff-employee and defendant-employer.
3. The undersigned takes Judicial Notice of the following Industrial Commission Forms which are a part of the file:
1. Form 19, dated 22 July 1996;
2. Pat Benton's 27 December 1996 correspondence to plaintiff;
 3. Plaintiff's 18 March 1998 letter to the Industrial Commission, filed at the Commission 23 March 1998;
4. Pat Benton's 13 May 1998 correspondence to defendants;
5. Form 61 dated 17 December 1996;
6. Letter from defendant-carrier to Pat Benton dated 22 July 1998;
7. A 17 March 1999 denial letter from Sara Collins to Pat Benton;
8. 13 April 1999 correspondence from Pat Benton to plaintiff;
9. Form 18 filed 10 September 1999;
10. Form 18 filed 15 August 2000;
11. Form 33 filed 28 August 2000;
12. Form 33R filed 29 September 2000;
13. Amended Form 61 dated 27 September 2000; and
14. Amended 33R filed 21 November 2000.
4. The limited issue to be determined at this time is whether the Industrial Commission has jurisdiction to hear this claim per G.S. §97-24.
 ***********
Based upon the competent evidence of record, the Full Commission makes the following additional:
 FINDINGS OF FACT
1. On 18 April 1995, plaintiff was a sixty-four year old female employed by defendant as an assembler. Plaintiff had been employed with defendant-employer since 1962.
2. During plaintiff's shift on 18 April 1995, plaintiff was required to sand stainless steel shafts. The sander plaintiff used was approximately ten inches in width with a cylindrical shape, and weighed approximately three pounds.
3. The force plaintiff used while sanding was so great that she felt a pain in her back which caused her to almost black out. Plaintiff reported her back pain to her supervisor, Ms. Griswold.
4. Plaintiff later received medical treatment from Smithfield Family Medicine, and then from Dr. Pitt and Dr. Liverman. Plaintiff eventually came under the care of Dr. Timothy Garner at Raleigh Community Hospital. Plaintiff underwent back surgery performed by Dr. Garner on 20 February 1998.
5. Plaintiff continued to work for defendant after 18 April 1995 until her retirement with over thirty-seven years of service on 31 March 1999.
6. Plaintiff underwent two additional back surgeries, 7 January 1999 at Raleigh Community and 25 April 2000 at Duke. All of plaintiff's medical bills were submitted to and paid by Blue Cross Blue Shield, except those amounts for co-pay and deductible.
7. Pat Benton, medical claims examiner for the North Carolina Industrial Commission, wrote a letter to plaintiff on 27 December 1996 indicating an employee needs to file a claim within two years following the injury in order to qualify for workers' compensation benefits.
8. Plaintiff failed to file a claim for benefits with the North Carolina Industrial Commission within two years following her alleged traumatic incident to her back. There is no evidence this case involved an alleged occupational disease.
9. The greater weight of the evidence is that defendants are not estopped from pleading the time limitation in this case. Plaintiff did not detrimentally rely on statements of defendant-employer or its agents.
10. Plaintiff filed no claim or other writing with the Industrial Commission until she sent a letter dated 18 March 1998, received at the Commission on 23 March 1998. This is greater than two years after the alleged injury date of 18 April 1995.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. Proper filing of a claim within two years after an accident is a condition precedent to jurisdiction by the North Carolina Industrial Commission. N.C. Gen. Stat. § 97-24.
2. Since plaintiff did not file a claim with the North Carolina Industrial Commission within the two-year period prescribed by N.C. Gen. Stat. § 97-24, plaintiff is barred from receiving the right to compensation under the North Carolina Workers' Compensation Act. N.C. Gen. Stat. § 97-24(a).
3. Defendants are not estopped to rely on N.C. Gen. Stat. § 97-24
in bar of plaintiff's claim. N.C. Gen. Stat. § 97-24.
 ***********
Based upon the foregoing stipulations, findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each side shall bear its own costs.
This 10th day of September 2001.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/______________ RENE C. RIGGSBEE COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER